[Cite as *In re Q.O.*, 2014-Ohio-3893.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

IN RE: Q.O.                         :         APPEAL NO.  C-130548
                                              TRIAL NO. 12-12095z

                                    :         *O P I N I O N.*

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  September 10, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Appellant,

*Gordon C. Magella*, for Appellee.

Please note:  this case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1}   Appellant the state of Ohio appeals the judgment of the Hamilton County Juvenile Court granting a motion to suppress and dismissing a charge of delinquency.

### The Arrest and Motion to Suppress

{¶2}   In December 2012, the juvenile Q.O. was arrested for an act that would have constituted the offense of carrying a concealed weapon in violation of R.C. 2923.12, a felony of the fourth degree, had he been an adult.

{¶3}   Q.O. filed a motion to suppress all evidence that had been obtained in the traffic stop that had led to the delinquency charge.

{¶4}   At the hearing on the motion to suppress, Cincinnati Police Officer Alicia Bruewer testified that she was working in the area of the University of Cincinnati ("U.C.") one night when she heard a police broadcast concerning shots fired.  She saw a U.C. officer with a car stopped, and the U.C. officer pointed to a nearby silver Nissan that he said had been involved in the shooting.

{¶5}   Bruewer followed the Nissan, which was being driven erratically.  A different U.C. officer soon stopped the Nissan, and Bruewer stopped beside his cruiser. Because of the report of shots fired, Bruewer ordered all four of the occupants to leave the car, and they were handcuffed.

{¶6}    To ensure her own safety and the safety of others, Bruewer asked the car's occupants if they had any weapons on their persons or in the vehicle.  Q.O., who had been in the front passenger seat, responded that there was a gun in the glove compartment, from which another officer recovered a loaded firearm.  Bruewer then

placed Q.O. under arrest and advised him of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

{¶7}   The magistrate overruled the motion to suppress.  The case proceeded to trial, and the magistrate adjudicated Q.O. delinquent.

{¶8}   Q.O. filed objections to the magistrate's decision on the motion to suppress but did not contend that the evidence admitted at trial was insufficient to support the adjudication.  The trial court sustained the objections on the suppression motion, holding that the police had improperly questioned Q.O. prior to the *Miranda* warnings and that all evidence obtained after such questioning was subject to suppression.  The court then dismissed the delinquency charge.

### The Propriety of the Search

{¶9}   In two related assignments of error, the state contends that the trial court erred in suppressing the evidence and dismissing the charges.

{¶10}  Appellate review of a motion to suppress presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.  An appellate court must accept the trial court's findings of fact if they are supported by some competent, credible evidence.  *Id.*  Accepting those facts as true, the appellate court must then independently determine, without deference to the trial court's judgment, whether the facts satisfy the applicable legal standard.  *Id.*

{¶11}  In this case, the trial court erred in granting the motion to suppress. Even if we assume, for the sake of argument, that the pre-*Miranda* statements made by Q.O. were inadmissible, the suppression order was unwarranted.

{¶12}  First, as the trial court properly concluded, the police had probable cause to stop the car.  The reports of its occupants' involvement in firing shots as well

3

as the driver's erratic maneuvers in attempting to leave the area supported the officers' conclusion that illegal activity was afoot.

{¶13} Once the car was stopped, the officers were entitled to search for weapons. In *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), the United States Supreme Court recognized an exception to the warrant requirement permitting a limited protective search of an automobile during a traffic stop. Under *Long*, a "search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief * * * that the suspect is dangerous and the suspect may gain immediate control of weapons." *Id.* at 1049. The exception recognized in *Long* may apply even where the vehicle's occupants have been detained and handcuffed. *See State v. Jones,* 1st Dist. Hamilton No. C-130069, 2014-Ohio-1201.

{¶14} Once again, the responding officers in this case had information from a fellow officer that the occupants of the car had been involved in a shooting, and it was apparent that the driver of the car was attempting to flee. These facts gave rise to a reasonable belief that the car's occupants could be armed and dangerous and provided an ample basis to search the car, irrespective of the statements Q.O. had made before the *Miranda* warnings. And the presence of the firearm in the proximity of where Q.O. had been seated provided reason to question him further after the warnings had been administered.

{¶15} As the Supreme Court of Ohio has held, "[o]nly evidence obtained as the direct result of statements made in custody without the benefit of a *Miranda* warning should be excluded." *See State v. Farris,* 109 Ohio St.3d 519, 2006-Ohio-3255, 849 N.E.2d 985, ¶ 49. In this case, the firearm was obtained during a lawful

search of the car. The suppression of the gun and Q.O.'s post-*Miranda* warning statements was therefore improper.

{¶16} Nonetheless, Q.O. maintains that the granting of the motion to suppress and the dismissal of the charge by the trial court would preclude any further proceedings against him on double-jeopardy grounds. This argument is without merit. As the United States Supreme Court has held, double-jeopardy protection does not apply where the defendant seeks "termination of the proceedings against him on a basis unrelated to factual guilt or innocence * * *." *United States v. Scott,* 437 U.S. 82, 98-99, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978).

{¶17} Here, the proceedings were not terminated based on a finding of factual innocence. The trial court erroneously held that the incriminating evidence was subject to suppression, but there was no finding that the evidence admitted at trial was insufficient to support the adjudication. Q.O. did not even file objections based on the sufficiency of the evidence, and our review of the trial transcript reveals that there was overwhelming evidence of his guilt.

{¶18} Moreover, in this case, the trial court did not give the state an opportunity to challenge the suppression of the evidence but instead immediately dismissed the charge. To allow double-jeopardy considerations to prevent further proceedings against Q.O. under these circumstances would be to deprive the state of its right to appeal the granting of the motion to suppress under R.C. 2945.67 and Juv.R. 22(F). Accordingly, we sustain the assignments of error.

**Conclusion**

{¶19}  We reverse the judgment of the trial court and remand the cause for the juvenile court to make an adjudication of delinquency and for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

CUNNINGHAM, P.J., and FISCHER, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.